## Case No. 15,076.

### UNITED STATES v. FAULBREE.

[See Case No. 3,393.]

## Case No. 15,077.

### UNITED STATES v. FAW.

[1 Cranch, C. C. 456.] 1

Circuit Court, District of Columbia. Nov. Term, 1807.

CORONER—INDICTMENT FOR MAKING FALSE STATEMENT OF EVIDENCE—DUTY IN STATING EVIDENCE.

Neither at common law, nor by the statute of Virginia, is the coroner bound to put in writing the effect of the evidence given upon an inquisition, unless the offence be found to be murder or manslaughter.

The indictment charged, that the defendant [Abraham Faw], being coroner of the county of Alexandria, and having, upon view of the dead body of one Curran, taken an inquest, stating that, while opposing the lawful orders of a justice of the peace, the said Curran was killed by a brickbat thrown by some unknown person, but not finding the killing to be murder nor manslaughter, he, the defendant, "wilfully, injuriously, and unlawfully made a false statement of the evidence in writing, and suppressed material parts of the same; and annexed to the inquisition a false, colorable, and unfair statement, in writing, of the said evidence, under the false and colorable pretence of putting in writing and annexing to the said inquisition fairly and truly the effect of the said evidence, being material, in contempt of the laws of the United States, in violation of the duties and dignity of his office, and against the peace and government of the United States."

E. J. Lee, and F. L. Lee, for defendant, moved the court to quash the indictment. The coroner is not bound at common law to put down the effect of the evidence, in writing, in any case; and by the law of Virginia (page 125, § 11; Nov. 29, 1792), he is required to do it only in case the inquisition shall charge some person with murder or manslaughter, which this inquisition does not. 1 Bl. Comm. 346; 2 Inst. 31; 4 Inst. 271. This is an indictment at common law, and if he was not bound at common law to state the evidence in writing, it is no offence to state it imperfectly or incorrectly. And if it states no offence at common law, it may and ought to be quashed on motion. Rex v. Page, 1 Lev. 304; Rex v. Sellars, 3 Mod. 167; Rex v. Griffith, Id. 201; Rex v. Whitehead, 1 Salk. 371; Rex v. Hotch, 1 Strange, 552; Rex v. Lister, 2 Strange, 788.

Mr. Jones, for United States, contra. The coroner, at common law, has a right to

1 [Reported by Hon. William Cranch, Chief Judge.]

take evidence in writing, and if he undertakes to do it, and does it unfaithfully, wilfully, and falsely, it is an offence at common law. The depositions may be used for various purposes, as in a question of bail; or to justify an arrest of some person, or to discredit a witness upon the trial.

THE COURT, at July term, 1808, quashed the indictment, being of opinion that it did not set forth an offence at common law, or under the statute; inasmuch as by the common law, the coroner was not bound to put down in writing the evidence, or the effect of it, and the statute required it to be done only when, by the inquisition, some person is indicted for murder or manslaughter.

[See Case No. 15,079.]